```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

BOLIVAR RUIZ,                   )
    Petitioner,              )
                             )
    v.                       )     C.A. No. 11-11264-DPW
                             )
JANET NAPOLITANO, ET AL.,       )
    Respondents.             )

<u>MEMORANDUM AND ORDER</u>
July 20, 2011

WOODLOCK, D.J.

On July 19, 2011, Bolivar Ruiz, an immigration detainee being held at the Suffolk County House of Correction, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Ruiz is represented by counsel. The petition has not been served so that I may review the petition to determine whether the respondent should be required to reply to the petition. *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).[1] For the

---

[1] *See also* Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition"). Rule 4 may be applied at the discretion of the district court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; *see also Phelps v. Reynoso*, App. No. 07-1080 (1st Cir. May 16, 2007) (district court acted within its discretion by applying Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (same).

reasons stated below, the petition for writ of habeas corpus is
DENIED.

## I. Background

I summarize the pertinent factual allegations of the petition.

Ruiz was taken into immigration custody on June 16, 2010 "with an order of removal." Pet. ¶ 10. Ruiz filed an appeal with the Board of Immigration Appeals, which was denied on June 21, 2011.

The bases of the removal order are Massachusetts state court convictions arising out of events that occurred in June 1995. On July 11, 2011, Ruiz filed a motion under Rule 30 of the Massachusetts Rules of Criminal Procedure to vacate the convictions, arguing that the convictions were void because of the relevant statute of limitations. On July 13, 2011, a hearing on the motion was held in state court. The motion is still pending.

On July 18, 2011, Ruiz's family was informed by immigration officials that Ruiz was being transferred to a facility outside of Massachusetts in preparation for his removal.

Ruiz is "fully expecting the [state] Judge to vacate the convictions on which his detention is based, thereby clearing him of any charges of removability." *Id.* ¶ 12. He further asserts that his "imminent deportation and detention while a motion that

will vacate the convictions for which his detention is based will be granted on is not permitted by law and is a direct violation of his civil and constitutional rights." *Id.* ¶ 13. The petitioner asks that the court prevent him from being removed from this jurisdiction and order that the respondents release him.

## II. Discussion

Although Ruiz does not explicitly characterize his petition as a direct challenge to his removal order or execution of such order, the essence of his challenge to his current custody is that his removal order is invalid and therefore should not be executed because his underlying convictions should be vacated. Under the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231, 302, I am without jurisdiction to entertain a challenge, even an indirect one, to a removal order or to the execution of a removal order. *See* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . . ."); 8 U.S.C. § 1252(g) (except as provided for in the statute, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders . . . ."). Judicial review of an order of removal is only available before the appropriate court of appeals. *See*

*id.*²

Because I lack jurisdiction to entertain a challenge to a removal order or the execution of a removal order, I must deny the petition.³

### III. Conclusion

Based on the foregoing, the petition for a writ of habeas corpus (Docket No. 1) is DENIED and this action shall be DISMISSED.

SO ORDERED.

                         /s/ Douglas P. Woodlock
                         UNITED STATES DISTRICT JUDGE

---

²The REAL ID Act does not preclude a district court from entertaining a habeas petition brought by an immigration detainee who claims that his detention is unlawful for reasons unrelated to the validity of a removal order or execution thereof. *See Hernandez v. Gonzales*, 424 F.3d 42, 42-43 (1st Cir. 2005) (REAL ID Act did not preclude habeas review "over challenges to detention that are independent of challenges to removal orders" (quoting H.R. Cong. Rep. No. 109-72, at 2873 (May 3, 2005))).

³I also note the error in Ruiz's assertion that his removal pending a collateral attack on his underlying convictions is in violation of the law. Under 8 U.S.C. § 1101(a)(48)(A) a conviction is "final" for immigration purposes where a judgment of guilt has been entered and a punishment imposed, even where a direct appeal or collateral attack is pending. *See Planes v. Holder*, 2011 WL 2619105, at *3 (9th Cir. July 5, 2011) (slip opinion); *Puello v. Bureau of Citizenship & Immigration Servs.*, 511 F.3d 324, 332 (2d Cir. 2007); *United States v. Saenz-Gomez*, 472 F.3d 791, 794 (10th Cir. 2007); *Montenegro v. Ashcroft*, 355 F.3d 1035, 1037 (7th Cir. 2004) (per curiam).